JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff Linda Rucker suffered injuries when a car driven by her husband rolled on an interstate freeway. At the time of the accident, Rucker worked for Fairview Health System, a subsidiary of the Cleveland Clinic Foundation. The husband did not make an appearance and the court granted a default judgment against him. The Clinic carried insurance from defendant Federal Insurance Company. Rucker brought suit against Federal seeking a determination of coverage under Scott-Pontzerv. Liberty Fire Mut. Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292. The parties filed cross-motions for summary judgment, and the court held in Federal's favor, finding that Federal "did not contemplate at the time of the making of the contract that coverage would extend to the plaintiffs herein."
 {¶ 2} In Scott-Pontzer, the supreme court held that the standard definition of a "person" within the UM/UIM provisions of automobile insurance policies covered persons, not vehicles, and that "it would be contrary to previous dictates of this court for us now to interpret the policy language at issue here as providing underinsured motorist insurance protection solely to a corporation without any regard to persons."85 Ohio St.3d at 664. As applied to corporations, the supreme court concluded that the term "you" as contained in the definitions of who was insured tended to mean that only the corporation was insured. The supreme court found that definition ambiguous because policies of insurance can only insure persons, not corporations. It therefore construed the ambiguity against the insurance company and found that the word "you" had to apply to real persons; namely, the employees of a corporation — barring, of course, any other contractual limitation on the definition of an insured.
 I {¶ 3} The court granted summary judgment on grounds that the parties to the policy "did not contemplate at the time of the making of the contract that coverage would extend to the plaintiffs herein." We assume this meant that the court found that Federal and the Clinic did not have a meeting of the minds sufficient to establish an enforceable contract.
 {¶ 4} One of the flaws in Scott-Pontzer is that it purports to rely on principles of contract, yet disregards them in order to find coverage. The supreme court's opinion begins with the black letter law proposition that "an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature." Scott-Pontzer, 85 Ohio St.3d at 663. In Kostelnik v. Helper,96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 16, the supreme court defined a contract as follows:
 {¶ 5} "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration. A meeting of the minds as to theessential terms of the contract is a requirement to enforcing thecontract." (Emphasis added.) (Citations omitted).
 {¶ 6} Unfortunately, Scott-Pontzer gave lip service to these essential elements of contract formation because it conceded that its holding arose despite its realization that "the conclusion reached herein may be viewed by some as a result that was not intended by the parties to the insurance contracts at issue." Scott-Pontzer, 85 Ohio St.3d at 666.Scott-Pontzer did not attempt to answer the question of how an enforceable contract could arise in the absence of a meeting of the minds sufficient to establish an intent to contract on the issue of who was an insured under the policy. The supreme court did attempt to justify its conclusion by noting that were it to adopt the position of the insurance carrier it would produce "absurd results" because it would deny coverage for employees driving their personal motor vehicles while acting in the scope of employment and could potentially expose the employer to respondeat superior claims without liability insurance coverage. Id. While that may be true, choosing what the supreme court believed to be the lesser of two absurd results does nothing to further the establishment of an intent to contract. If anything, it proves the opposite — that the absurdities present were such that parties did not have a meeting of the minds sufficient to support the formation of a contract.
 {¶ 7} In short, we believe that the court was correct when it determined that Federal did not contemplate that all of the Clinic's employees would be covered under the liability policy. Were it within our ability, we would affirm the court on the basis that the parties lacked the necessary intent to form a contract and that the contract is unenforceable. An unenforceable contract is not void — the parties may continue to abide by the terms of a contract until such time as one of them decides to challenge a particular term. In this case, both parties to the contract (Rucker was not a signatory to the contract) agreed that they did not intend to provide liability coverage for employees acting outside the scope of employment. Consequently, there was no meeting of the minds on this particular issue and any term, whether express or implied by operation of law, would be unenforceable.
 {¶ 8} Nevertheless, we are an inferior court to the supreme court, and we cannot overturn a mandate issued by that court, no matter how much we disagree with that mandate. We are therefore constrained to follow Scott-Pontzer. The court's stated basis for granting summary judgment is incorrect as a matter of law.
 II {¶ 9} Because this case involves the application of law to an insurance policy, it is particularly apt for disposition by summary judgment. Indeed, the parties agree that there are no genuine issues of material fact and that the court may proceed to judgment as a matter of law. See Civ.R. 56. Our review is therefore de novo, without deference to the court's legal conclusions. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. We will consider the individual arguments raised by the parties in their cross-motions for summary judgment.
 {¶ 10} The uninsured motorists coverage of the Federal policy defines an insured as:
 {¶ 11} "1. You.
 {¶ 12} "2. If you are an individual, any `family member.'
 {¶ 13} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 14} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 15} Ordinarily, we would be forced to apply Scott-Pontzer to find that the definition of "you" would be ambiguous because it would suggest that only the corporation had been insured for uninsured motorists coverage. However, two endorsements modify the definition of a named insured. The first states:
 {¶ 16} "The Named Insured shall include the Cleveland Clinic Foundation, The Cleveland Clinic Educational Foundation, The Lord Foundation of Ohio and all of their subsidiaries and controlled affiliated entities, (some of such entities collectively doing business as Cleveland Clinic Health System), as may exist from time to time."
 {¶ 17} The endorsement included as named insureds subsidiary and controlled affiliated entities in which the Clinic has more than a fifty percent share of ownership interest. Five hospitals, including Fairview Health System, are listed in the endorsement.
 {¶ 18} The second addition to the definition of a named insured is contained in the "Drive Other Car Coverage — Broadened Coverage for Named Individuals Endorsement" which states:
 {¶ 19} "The following is added to WHO IS AN INSURED:
 {¶ 20} "Any individual in the Schedule and his or her `family members' are `insureds' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except:
 {¶ 21} "Any `auto' owned by the individual or by any `family member.'"
 {¶ 22} The schedule attached to the "drive other car" endorsement lists "officers" of the various Clinic entities.
 {¶ 23} In a recent line of cases we have considered the question of specifically-named insureds in broadened coverage endorsements. InAddie v. Linville, Cuyahoga App. Nos. 80547 and 80916, 2002-Ohio-5333, ¶ 43, appeal allowed, 98 Ohio St.3d 1488, 2003-Ohio-1189, we stated:
 {¶ 24} "Primarily, we reject the notion that the holding ofScott-Pontzer does not apply because a separate endorsement modifies the Business Auto Coverage Form of the liability policy to add certain named individuals to the definition of who is an insured contained therein. We note that the particular endorsement relied upon does not substitute for, but rather explicitly adds to, the definition of who is an insured in the Business Auto Coverage Form. Thus, the ambiguity found inScott-Pontzer remains and the ambiguous `you' must still be deemed to include employees of the corporate entity identified as the `Named Insured.'"
 {¶ 25} The reasoning used in Addie is fully applicable to the "drive other car" endorsement used by Federal. That endorsement states that the specifically-named individuals are "added" to those considered as "named insured." Likewise, the endorsement used by Federal to "include" as named insureds various other corporate entities in which the Clinic has a controlling interest falls under our Addie analysis. While this endorsement does not arise under a broadened coverage form, the principles stated in Addie are fully applicable here. The Federal endorsement uses the word "include," which suggests inclusion into an existing group rather than exclusivity as to all others. In other words, it means that the named entities are added to the definition of a named insured. That being the case, we follow our previous decision in Addie and find the endorsement does not limit who is a named insured, but simply adds to it. See, also, Pratt v. Safe Auto Ins. Co., Cuyahoga App. No. 81741, 2003-Ohio-3350; Warren v. Hartford Ins. Co., Cuyahoga App. No. 81139, 2002-Ohio-7067; Unger v. Buckeye Union Ins. Co., Cuyahoga App. No. 81208, 2003-Ohio-2044; Franklin v. Am. Mfrs. Mut. Ins. Co., Cuyahoga App. No. 81197, 2003-Ohio-1340.
 III {¶ 26} The business auto coverage form expressly provides that uninsured motorists coverage is extended to vehicles with the designated symbol "2." The symbol "2" is defined as "OWNED `AUTOS' ONLY. Only those `autos' you own * * *." This includes those `autos' you acquire ownership of after the policy begins."
 {¶ 27} If we are obligated by Scott-Pontzer to interpret the use of the word "you" as set forth in the "WHO IS INSURED" section as referring to Rucker, we must apply that definition uniformly throughout the policy. Collier v. Citizens Ins. Co. of Am., Cuyahoga App. No. 80852, 2002-Ohio-6499. To hold otherwise would mean that we would have to employ two different interpretations of the word "you" — one interpretation under Scott-Pontzer for which Rucker would be an "insured" for purposes of finding an ambiguity in the definition of a named insured and another interpretation that would not include Rucker as an insured for purposes of describing which autos are covered under the uninsured motorists section of the Federal policy.
 {¶ 28} There is no question that Rucker was not driving a vehicle that she owned at the time of the accident. During her husband's deposition, he testified that he was the title owner of the vehicle. Rucker confirmed this fact during her own deposition. Since the word "you," as applied by Scott-Pontzer, applies to both the Clinic andRucker, the express terms of the policy would act to bar coverage under the circumstances since she did not own the auto. See The CincinnatiIns. Co. v. Perkins, Pauling App. No. 11-03-04, 2003-Ohio-3586; Robertsv. Wausau Business Ins. Co., Franklin App. No. 02AP-04,149 Ohio App.3d 612, 2002-Ohio-4734. Ironically, the thing that Rucker seeks under Scott-Pontzer is what ultimately denies her claim.[1]
 {¶ 29} Scott-Pontzer stated that the initial question in these kinds of cases is whether the person claiming benefits is an insured. If not, "our inquiry is at an end." 85 Ohio St.3d at 662. Because Rucker was not driving an auto that she owned, the policy states that she is not entitled to uninsured motorists coverage. Although the parties have raised a number of other issues relating to the policy, it would be improvident to address them. Under App.R. 12(A)(1)(c) we find these arguments to be moot. The assigned errors are overruled.
Judgment affirmed.
James J. Sweeney, J., concurs in judgment only. Colleen ConwayCooney, J., concurs in judgment only with separate concurring opinion.
[1] There was some concern that Federal did not specifically assert the owned vehicle argument in its motion for summary judgment and thus waived the right to raise it on appeal. Ordinarily, a party may not raise an issue for the first time on appeal. However, because this is a contract action which we review de novo and as a matter of law, we are duty-bound to address an issue that is dispositive under these circumstances.